Case 3:16-cv-00987-D-BN   Document 4   Filed 04/12/16   Page 1 of 5   PageID 9

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIC FLORES (TDCJ No. 2051801), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:16-cv-987-D-BN |
| R. MOORE AND D. LOFTON, | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sidney A. Fitzwater. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(g) unless Plaintiff Eric Flores pays the full filing fee of $400.00 within the time for filing objections to this recommendation or by some other deadline established by the Court.

**Background**

Plaintiff, a Texas prisoner incarcerated at the Texas Department of Criminal Justice ("TDCJ")'s Middleton Unit, in Abilene, Texas, has filed a *pro se* complaint against the senior warden and an assistant warden at the Middleton Unit, alleging that both defendants were "deliberately indifferent to unlawful electric chair execution

-1-

by refusing to assign state or federal prosecutor to conduct investigation for want of prosecution." Dkt. No. 2 at 3.

Plaintiff also has submitted a motion for leave to proceed *in forma pauperis* [Dkt. No. 3], but he has failed to attach to that motion the required verified certificate of inmate trust account.

Given that Plaintiff has sued employees of the TDCJ's Middleton Unit, located in Jones County, Texas, the more proper venue for this civil rights action is the Abilene Division of the Northern District of Texas. *See* 28 U.S.C. §§ 1391(b) & 124(a)(3). And, where venue is laid "in the wrong division or district," the Court may, "in the interest of justice transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see also Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989) (a district court may raise the issue of venue *sua sponte*). But, for the reasons explained below, consideration, here, of this matter under Section 1915(g) better serves the interest of justice than a transfer to the Abilene Division for the same consideration.

**Legal Standards**

A prisoner may not proceed *in forma pauperis* if, while incarcerated or detained in any facility, he or she has filed three or more civil actions or appeals in federal court that were dismissed as frivolous or malicious or for failure to state a claim. *See* 28 U.S.C. § 1915(g). The only exception to this "three strikes" bar is when the prisoner is "under imminent danger of serious physical injury." *Id.* But, in order to meet the "imminent danger" requirement of section 1915(g), "the 'threat or prison condition

[must be] real and proximate.'" *Valdez v. Bush,* No. 3:08-cv-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003)). "Allegations of past harm do not suffice – the harm must be imminent or occurring at the time the complaint is filed." *Id.* "Moreover, the prisoner must allege specific facts showing that he is under imminent danger of serious physical injury." *Id.* "'General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).'" *Id.* (quoting *Niebla v. Walton Corr. Inst.,* No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006)).

## Analysis

Plaintiff is barred from proceeding *in forma pauperis* as to civil rights complaints, in that he already has accumulated at least five "strikes" in the El Paso Division of the Western District of Texas. *See Flores v. El Paso Sheriff's Dep't*, No. 3:06-cv-419 (W.D. Tex. Sept. 29, 2007); *Flores v. Anti Gov't Group*, No. 3:10-cv-53 (W.D. Tex. Mar. 1, 2010); *Flores v. U.S. Attorney Gen.*, No. 3:10-cv-59 (W.D. Tex. Feb. 22, 2010); *Flores v. Attorney Gen. For the State of Tex.*, No. 3:10-cv-65 (W.D. Tex. Sept. 29, 2010); *Flores v. U.S. Attorney Gen.*, No. 3:10-cv-256 (W.D. Tex. Sept. 29, 2010). He also has been sanctioned by that Court, *see Flores v. Wiles*, No. 3:10-cv-258 (W.D. Tex. Aug. 9, 2010), as well as by the Beaumont Division of the Eastern District of Texas, *see Flores v. U.S. Attorney Gen.*, No. 1:14-cv-198 (E.D. Tex. Mar. 4, 2015). And he has accumulated additional strikes in this Court and in the Middle District of Georgia. *See Flores v. U.S. Attorney Gen.*, No. 1:14-cv-124 (N.D. Tex. Oct. 31, 2014); *Flores v. Holder*,

No. 4:14-cv-222 (M.D. Ga. Sept. 4, 2014). But he has only disclosed the first case listed above in his current complaint. *See* Dkt. No. 2 at 2.

Plaintiff's current filing undoubtedly falls under the three-strikes provision. As such, under Section 1915(g) Plaintiff may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury. But the complaint, including the conclusory (and nonsensical) assertion noted above, lacks specific facts to show that Plaintiff is under such a threat as to overcome Section 1915(g). *See, e.g., Morgan v. Fischer*, No. 9:11cv98, 2011 WL 4457667, at *3 (E.D. Tex. July 21, 2011), *rec. adopted*, 2011 WL 4436229 (E.D. Tex. Sept. 23, 2011) ("Morgan has failed to show that he faces a genuine emergency where time is pressing, nor even that he faces any substantial risk of harm at all. His allegations are entirely conclusory, and the courts have routinely held that general allegations not grounded in specific facts indicating that serious physical injury is imminent are not sufficient to invoke the exception to Section 1915(g)." (collected cases omitted)).

Plaintiff should therefore be barred from proceeding *in forma pauperis. See Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996).

**Recommendation**

The Court should summarily dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(g) unless Plaintiff pays the full filing fee of $400.00 within the time for filing objections to this recommendation or by some other deadline established by the Court.

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 12, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE